IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS,
MARSHALL DIVISION

| | | |
|---|---|---|
| DYNAMIC HOSTING COMPANY LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| -vs.- | ) ) | No. 2:14-cv-01141-RWS-RSP |
| (1) AMAZON.COM, INC.; and (2) AMAZON.COM, | ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY OF DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM LLC IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE AND TO DISMISS INDIRECT AND WILLFUL INFRINGEMENT CLAIMS**

**REPLY (RULE 12(b)(3))**

The special patent venue statute, 28 U.S.C. § 1400(b), expressly defines where a corporation may be sued for patent infringement. And it has been construed by the Supreme Court to limit a corporation's residence to its place of incorporation. Congress has not amended § 1400(b). The question, then, is whether the general venue statute, 28 U.S.C. § 1391, overrides this restriction. It does not. To the contrary, Congress in 2011 amended § 1391 to confine its reach solely to venue questions that are not "otherwise provided by law." But venue in patent cases is, of course, "otherwise provided by law." 28 U.S.C. § 1400(b). This unremarkable rule has been the consistent view of the Supreme Court for at least the last 73 years. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 n.2 (2013) ("Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply. Cf., *e.g.*, §1400 (identifying proper venue for copyright and patent suits)."); *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 566 (1942) (patent venue statute "alone should control venue in patent infringement proceedings").

Presumably, if § 1400(b) expressly recited that a corporation "resides" only where it is incorporated, then Dynamic Hosting would concede that such definition would control, in view of § 1391's subordination clause. But, Dynamic Hosting seems to argue that because § 1400(b) does not expressly define "resides," it is not inconsistent with the broad definition of "reside" in § 1391. This approach ignores the terms "except as otherwise provided by law" in § 1391. A statute "provides" what the courts say it provides. "It is emphatically the province and duty of the Judicial Department to say what the law is. Those who apply the rule to particular cases must, of necessity, expound and interpret that rule." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). Therefore, courts have read similar subordination clauses as deferring not only to express statutory provisions but

also to their interpretive case law. Given the well-established interpretation of § 1400(b) that a corporation "resides" only where incorporated, the question presented is no different than had § 1400(b) expressly provided this definition. Therefore, § 1391(c)(2) cannot apply in patent actions.

    **I.    SECTIONS 1400(b) AND 1391 ARE INCONSISTENT BECAUSE "RESIDES" IN § 1400(b) IS THE PLACE OF INCORPORATION ONLY.**

Section 1400(b) has not changed since 1948. In 1957, the Supreme Court interpreted "resides" in § 1400(b), "in respect of corporations," to "mean the state of incorporation *only*." *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957) (emphasis added) (citing *Shaw v. Quincy Mining Co.*, 145 U.S. 444 (1892)). In 1972, the Supreme Court again stated that "the residence of a corporation for purposes of s 1400(b) is its place of incorporation." *Brunette Mach. Works, Ltd. v. Kockum Indus. Inc.*, 406 U.S. 706, 707 n.2 (1972) (citing *Fourco Glass*, 353 U.S. 222).

*Fourco* examined § 1400(b)'s legislative history. In 1897, the first patent venue statute limited venue to "*the* district of which the defendant is an inhabitant, or in *any* district in which the defendant … shall have committed acts of infringement and have a regular and established place of business." Act of Mar. 3, 1897, ch. 395, 29 Stat. 695 (emphasis added). In 1948, Congress replaced the words, "of which the defendant is an inhabitant," with the current language, "where the defendant resides." *Fourco*, 353 U.S. at 226. The accompanying Revisers' Notes stated: "Words 'inhabitant' and 'resident,' as respects venue, are synonymous." *Id.* The Supreme Court in *Fourco* relied on the Revisers' explanation and *Shaw* to hold that for corporations "resides" means "the state of incorporation only." *Id.* (*citing Shaw*, 145 U.S. 444).

This interpretation of § 1400(b) is binding. The text and legislative history of § 1400(b) have not changed. Nor could *VE Holding* overrule the Supreme Court's interpretation of § 1400(b).

*VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990) ("The Supreme Court in *Fourco* confirmed that for defendants that are corporations, 'resides' meant the state of incorporation only."). The Federal Circuit instead held that § 1391(c) supplemented § 1400(b), but at the time § 1391(c) did not have an "otherwise provided by law" exception. And, of course, it would be improper to determine if § 1400(b) "otherwise provided" by first supplementing it with § 1391(c)(2), and only then ask if they are inconsistent. Instead, the meaning of § 1400(b) in isolation must be considered when determining whether supplementing it with § 1391(c)(2) results in an inconsistency. Under this approach, an obvious inconsistency exists because § 1400(b)'s corporate venue restrictions disappear if the statute is supplemented by § 1391(c)(2).

## II. WHAT IS "OTHERWISE PROVIDED BY LAW" IS NOT LIMITED TO INCONSISTENT, EXPRESS STATUTORY TEXT.

To the extent Dynamic Hosting argues that the general venue statute's "otherwise provided by law" exception applies only in the face of inconsistent, express statutory text, it is incorrect. In the first place, courts have interpreted this exception to require the application of a special venue statute and not § 1391, without even considering possible inconsistencies. (*See* Mot. at 7 (collecting cases).)

Further, what the law "provides" depends not only on express legislative text but also on judicial interpretation of it. *See, e.g., Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 n.15 (1987) (Texas court could use "[u]nless otherwise provided by law" at beginning of Texas Rule of Civil Procedure 364 to construe Texas constitution's "open courts" provision to create an exception to the rule's bond requirements); *U.S. v. Rabhan*, 540 F.3d 344, 347 n.11, 348 (5th Cir. 2008) (to determine whether exception "[e]xcept as otherwise expressly provided by law" in statute of limitations was triggered by longer limitations period in other statute, Fifth Circuit must consider

- 4 -

statute "and our cases interpreting it"). This basic tenet of jurisprudence has been applied to find that a special venue statute for Title VII claims, "*and its interpretive case law*," superseded a general venue statute limited by the clause "except as otherwise provided by law." *Berry v. Potter*, 04-2922 PHX RCB, 2006 WL 335841, *2 (D. Ariz. Feb. 10, 2006) (emphasis added). As a result, determining what § 1400(b) "provides" requires consideration not just of the word "resides," but also of the Supreme Court's interpretation of it.

## REPLY (RULE 12(b)(6))

Dynamic Hosting spends the bulk of its brief addressing legal principles and ignoring the complaint's factual deficiencies. Amazon's motion established that a plaintiff cannot state a willfulness claim merely by filing a lawsuit and alleging that any alleged post-filing infringement will be "willful." Dynamic Hosting argues that it need not move for a preliminary injunction to state a post-filing claim. But that contention addresses an argument Amazon did not make, and does not address Amazon's argument that the complaint contains no facts supporting willfulness. Amazon also showed that the complaint does not identify a time when Amazon allegedly indirectly infringed with knowledge of the patents. Rather than address this shortcoming, Dynamic Hosting argues that post-filing knowledge can in some cases support indirect infringement. Amazon never argued otherwise in its motion. Finally, Dynamic Hosting fails to establish that it has adequately pled Amazon's alleged specific intent to induce infringement, or identified a component that is material to the "invention" and unsuitable for substantial non-infringing use.

## ARGUMENT

### I. DYNAMIC HOSTING PLEADS NO FACTS SUPPORTING POST-FILING WILLFULNESS.

Dynamic Hosting concedes that it attempts to allege only post-filing willfulness. (Opp. Br. at 1-2.) But, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech. LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). Courts in this district have thus limited the availability of post-filing willfulness claims.[1] Dynamic Hosting argues that a non-practicing entity plaintiff allegedly need

---

[1] *See Webmap Techs., LLC v. Google, Inc.*, No. 2:09-cv-343, 2010 WL 3768097, at *4 (E.D. Tex. Sept. 10, 2010) (allowing plaintiff to add post-filing willfulness claim only upon seeking a preliminary injunction or pleading "other extraordinary facts sufficient to show an objectively high likelihood of infringing a valid patent arising after filing"); *Touchscreen Gestures LLC v. Research*

not seek a preliminary injunction to assert post-filing willfulness. But that does not address Amazon's argument that Dynamic Hosting has not pled any facts supporting willfulness. On that point, Dynamic Hosting's own cases support Amazon.

Dynamic Hosting cites cases allowing post-filing willfulness claims where the plaintiff had not sought a preliminary injunction. But those cases involved *amended* complaints.[2] That is starkly different from alleging post-filing willfulness in an *original* complaint, which cannot identify post-filing conduct.[3] So even if a plaintiff who notifies a defendant of the patents through a lawsuit may occasionally later add a post-filing willfulness claim, it cannot state such a claim in its original complaint.[4] Dynamic Hosting concedes that its willfulness claim relies on the notice provided by the complaint, and that the complaint does not identify any conduct that could amount to willful infringement.[5] Moreover, Dynamic Hosting does not allege that Amazon is continuing to infringe

---

*in Motion Ltd.*, No. 6:12-cv-263, 2013 WL 8505349, at *2 (E.D. Tex. Mar. 27, 2013) ("Absent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim.").

[2] *See Affinity Labs of Tex., LLC v. Alpine Elecs. of Am.*, No. 9:08-cv-171, D.I. 143 at 2 (E.D. Tex. Sept. 2, 2009); *Constellation Techs. LLC v. Time Warner Cable Inc.*, 2:13-cv-1079, D.I. 127 at 2 & n.1 (Sept. 29, 2014); *Mobile Telecommc'ns Techs. v. Sprint Nextel Corp.*, No. 2:12-cv-832, D.I. 229 at 3 (E.D. Tex. Aug. 25, 2014); *WordCheck Tech, LLC v. Alt-N Techs.*, No. 6:10-cv-457, D.I. 755 at 3 (E.D. Tex. July 17, 2012).

[3] *See Constellation Techs.*, D.I. 127 at 2 n.1 (stating that the requirement for alleging knowledge in an original complaint "is notably distinguishable from the instant situation involving an amended complaint").

[4] *E.g., Touchscreen Gestures*, 2013 WL 850349, at *2; *Ganas, LLC v. Dell Inc.*, No. 2:12-cv-324-JRG-RSP, 2013 U.S. Dist. LEXIS 123299, at *9-10 (E.D. Tex. July 25, 2013), *adopted by* D.I. 231 (Aug. 26, 2013) (dismissing claim alleging willfulness "at least as early as the date of the filing of this Complaint").

[5] *See* Opp. Br. at 5 (willfulness claim is "based on the clear notice of the patents, and the allegation of infringement, provided by the filing of the lawsuit"); *id.* at 4 ("Dynamic Hosting has pleaded willful infringement *to the extent that* defendants continue to infringe after the lawsuit began.") (emphasis added).

the patents (Mot. at 18-19), which alone warrants dismissal of its post-filing claim.[6]

## II. DYNAMIC HOSTING DOES NOT ALLEGE THAT AMAZON INDIRECTLY INFRINGED WITH KNOWLEDGE OF THE PATENTS.

Amazon's motion explained that, among other things, a defendant must know of the patents to be liable for induced or contributory infringement. And it demonstrated that the complaint does not allege that Amazon had pre-suit knowledge of the patents, and does not allege that any of the accused conduct was ongoing at the time of filing. Therefore, this case is analogous to *Babbage Holdings, LLC v. Activision Blizzard*, in which the plaintiff did not allege pre-suit knowledge and, because the patents expired shortly after filing, did not identify a time period in which the defendant allegedly indirectly infringed the patents while having knowledge of them. No. 2:13-cv-750, 2014 WL 2115616, at *2 (E.D. Tex. May 15, 2014).

In response, Dynamic Hosting primarily argues that post-filing knowledge can support an indirect infringement claim. This does not address the requirement that the complaint identify a time period in which Amazon knew of the patents and allegedly indirectly infringed. Dynamic Hosting contends that Amazon's argument "elevates form over substance." But Dynamic Hosting's own case law supports dismissing complaints that do not allege continuing infringement

---

[6] *See Advanced Data Access v. Nanya Tech. Corp.*, No. 6:11-cv-473, 2012 WL 10873894, at *3 (E.D. Tex. Apr. 24, 2012) (dismissing post-filing willfulness complaint that did not allege continuing infringement). Dynamic Hosting fails to distinguish Amazon's other cases. *Webmap* dismissed a post-filing claim despite concluding that a preliminary injunction motion was not fatal. *Webmap Techs.*, 2010 WL 3768097, at * 4. The plaintiff in *Touchscreen* similarly had uncovered no facts supporting willfulness at the time its complaint was filed. *Touchscreen Gestures*, 2013 WL 8505349, at *2. Moreover, the complaints that Dynamic Hosting characterizes as containing "bare assertions of willfulness" provided the exact same alleged notice as Dynamic Hosting has provided to Amazon. *See Achates Reference Pub. v. Symantec Corp.*, No. 2:11-cv-294, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) (dismissing claim when complaint identified the patents and alleged that the defendant's "infringement was willful"); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012) (same).

when required.[7] In other words, Dynamic Hosting is not correct that the defect in its complaint is somehow cured because it is allegedly "[r]easonable to infer that past acts leading to indirect infringement will continue or re-occur post-filing." (Opp. Br. at 10.) The complaint does not identify a basis for subjecting the accused products to a post-filing indirect infringement claim. It is not "reasonable" to assume that the relevant conduct is ongoing with respect to the accused products when Dynamic Hosting has not made that allegation.

### III. DYNAMIC HOSTING DOES NOT IDENTIFY A COMPONENT UNSUITABLE FOR SUBSTANTIAL NON-INFRINGING USE.

Amazon's motion explained that the complaint's assertion that Amazon contributorily infringes through unidentified "hardware and/or software components" is deficient. Dynamic Hosting cites *Swipe Innovations, LLC v. Ingenico Corp.* in response. But that complaint alleged that the accused "hardware and/or software components" were capable of performing only one particular type of "key management method and not any other key management method approved for use in financial transactions," and supported that with the fact that the accused products "were separately tested and approved for use" with the standard associated with the specifically identified key management method. No. 9:12-cv-127, Compl., D.I. 21 ¶ 24 (E.D. Tex. Nov. 30, 2012). But here the complaint merely alleges that some unidentified "hardware and/or software components" exist and recites some of the elements of a contribution claim without any supporting facts. It is therefore akin to the dismissed contributory infringement claim in *Intellectual Ventures I LLC v. Bank of Am. Corp.*, No. 3:13-cv-358, 2014 WL 868713, at *2 (W.D.N.C. Mar. 5, 2014), which Amazon relied on in its opening brief and Dynamic Hosting does not address.

---

[7] *See Advanced Data Access*, 2012 WL 10873894, at *3.

### IV. DYNAMIC HOSTING PLEADS NO FACTS SUPPORTING AN INFERENCE OF SPECIFIC INTENT.

Amazon's motion cites numerous cases dismissing inducement claims whose only allegation of specific intent was that the defendant advertised or provided instructions for the accused products. Dynamic Hosting argues that its complaint is different because it alleges that Amazon promoted and provided instructions on the use of the accused products "in an infringing manner." It does not acknowledge *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 6:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014), which is discussed in some detail in Amazon's opening brief. Instead, it again relies on *Swipe Innovations*. But that complaint pled facts explaining what the "infringing manner" was. Dynamic Hosting's does not.

Both complaints identify a class of allegedly infringing products. But the *Swipe Innovations* complaint details how the products allegedly infringed. No. 9:12-cv-127, Compl., D.I. 21 ¶¶ 16-17 (E.D. Tex. Nov. 30, 2012). So when that complaint alleged that the defendant advised and instructed its customers to use the products "in an infringing manner," the defendant had notice of what that manner was. Here, the complaint simply identifies the class of accused products; it offers no facts concerning how they allegedly infringe. Thus, allegations that Amazon distributed instructions for using the products "in an infringing manner" provide no notice beyond that which would be provided by a general allegation that Amazon provided instructions on how to use the products, which Dynamic Hosting concedes is insufficient. (Opp. Br. at 10.) The complaint's allegations are also indistinguishable from cases in which courts dismissed inducement claims alleging that customers infringed when they followed the defendants' instructions.[8]

---

[8] *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366-MHS-JDL, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013); *Affinity Labs of Texas*, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014). Dynamic Hosting also states that *InMotion Imagery Techs.*, 2012 WL 3283371, at *3-4 (E.D. Tex. Aug. 10, 2012), "suggests that simply asserting that the defendant

## CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court dismiss Dynamic Hosting's claims for induced, contributory, and willful infringement.

Respectfully submitted,

March 2, 2015         By:    */s/ Klaus H. Hamm*
Klaus H. Hamm
OSB No. 091730
klaus.hamm@klarquist.com
Jeffrey S. Love
OSB No. 873987
jeffrey.love@klarquist.com
Andrew M. Mason
OSB No. 111590
andrew.mason@klarquist.com
John D. Vandenberg
OSB No. 893755
john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street
Suite 1600
Portland, Oregon  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON.COM LLC

---

'actively induced others to infringe' is enough." (Opp. Br. at 9.) *InMotion Imagery* was decided shortly after the Federal Circuit decided *In re Bill of Lading*, which clarified pleading indirect infringement and has been followed nationwide. More recent cases from this district follow *In re Bill of Lading* and require a plaintiff to plead facts supporting every element of indirect infringement claims, including specific intent to induce infringement. *E.g.*, *Achates Reference Pub.*, 2012 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2015 a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

*/s/ Klaus H. Hamm*
Klaus H. Hamm