# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DYNAMIC HOSTING COMPANY LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | CIVIL ACTION NO. 2:14-cv-1067 **(Consolidated Lead Case)** <br><br> **JURY TRIAL DEMANDED** |
| v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL ACTION NO. 2:14-cv-1118 <br><br> **JURY TRIAL DEMANDED** |
| v. <br><br> AT&T MOBILITY LLC, ET AL., <br><br> Defendants. | CIVIL ACTION NO. 2:14-cv-1136 <br><br> **JURY TRIAL DEMANDED** |
| v. <br><br> SPRINT CORPORATION, ET AL., <br><br> Defendants. | CIVIL ACTION NO. 2:14-cv-1137 <br><br> **JURY TRIAL DEMANDED** |
| v. <br><br> T-MOBILE USA, INC., ET AL., <br><br> Defendants. | CIVIL ACTION NO. 2:14-cv-1138 <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 2:14-cv-1139<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>AMAZON.COM, INC., ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 2:14-cv-1141<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>APPLE INC.,<br><br>    Defendant. | CIVIL ACTION NO. 2:14-cv-1142<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>ASUS COMPUTER INTERNATIONAL, ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 2:14-cv-1143<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>BLACKBERRY CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 2:14-cv-1144<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>KYOCERA COMMUNICATIONS, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 2:14-cv-1148<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 2:14-cv-1150<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>MOTOROLA MOBILITY LLC,<br><br>Defendant. | CIVIL ACTION NO. 2:14-cv-1151<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>Defendant. | CIVIL ACTION NO. 2:14-cv-1153<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>SHARP ELECTRONICS CORPORATION,<br><br>Defendant. | CIVIL ACTION NO. 2:14-cv-1154<br><br>**JURY TRIAL DEMANDED** |

## **DYNAMIC HOSTING'S SUR-REPLY OPPOSING DEFENDANTS' MOTIONS TO DISMISS[1]**

---

[1] In view of the substantial overlap in the reply briefs filed by defendants in consolidated case No. 2:14-cv-1067, as well as in unconsolidated case Nos. 2:14-cv-1118, No. 2:14-cv-1136, No. 2:14-cv-1137, No. 2:14-cv-1138, No. 2:14-cv-1139, No. 2:14-cv-1141, No. 2:14-cv-1142, No. 2:14-cv-1143, No. 2:14-cv-1144, No. 2:14-cv-1148, No. 2:14-cv-1150, No. 2:14-cv-1151, No. 2:14-cv-1153, No. 2:14-cv-1154, Dynamic Hosting submits this identical sur-reply brief in response to each of them.

I.     WILLFULNESS IS WELL-PLEADED

In reply, many defendants drop their untenable argument that *Seagate* necessarily bars a claim for post-filing willful infringement.[2] Nevertheless, all moving defendants continue to ask the Court to dismiss Dynamic Hosting's willful infringement claim.

Some defendants argue that a claim for post-filing willful infringement can be made only in an amended complaint, pointing out that the decisions cited by Dynamic Hosting all involved amended complaints.[3] But those decisions did not turn on the amended status of the complaint with the acceptable allegations. And they recognized that notice provided by the lawsuit's filing sufficed for willfulness's *scienter* requirements.[4] To require the filing of an amended complaint to allege willful infringement based on the knowledge provided by the original complaint would be to adopt the type of rigid formalism the Federal Rules of Civil Procedure were meant to avoid.

Other defendants argue that Dynamic Hosting has not pleaded enough factual detail to make plausible that they willfully infringed after the filing of the original complaint. But the complaints allege that defendants have been put on notice of the patents-in-suit in the most serious way possible: by the filing of a patent infringement action. Continued infringement after such notice is objectively reckless, and so willfulness is plausible from the pleaded facts.[5]

---

[2]Google, Canon, Amazon, ASUS, Blackberry, and Microsoft's replies drop this losing argument for a *per se* bar on post-suit willfulness.

[3]*See* Brother Reply at 2; Canon Reply at 2–4; Dell Reply at 2–3; Konica Minolta Reply at 2; Oki Data Reply at 3; Ricoh Reply at 1 (incorporating HP Reply by reference); Xerox Reply at 3; AT&T Reply at 2; Sprint Reply at 3; T-Mobile Reply at 2; Verizon Reply at 2–3; Amazon Reply at 6; Apple Reply at 2–3; ASUS Reply at 5, 6; Blackberry Reply at 2; Kyocera Reply at 2; Microsoft Reply at 2; Motorola Reply at 2; Sharp Reply at 5.

[4]*See, e.g.*, *Mobile Telecommc'ns Techs., LLC v. Sprint Nextel Corp.*, 2:12-cv-832, Dkt. 229, at 2–3 (E.D. Tex. Aug. 25, 2014) (Payne, Mag.) (upholding allegation of knowledge "since at least the filing of this action or its service").

[5]*WordCheck Tech, LLC v. Alt-N Techs., Ltd.*, No. 6:10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012) (Davis, J.) (holding that an allegation of notice of the patents-in-suit and that continued infringement would be willful is adequate at the pleading stage).

Some defendants also argue that Dynamic Hosting's complaints do not allege continuing, post-filing acts of infringement.[6] But the complaints specifically allege that any infringement, at least after notice of the lawsuit, is willful, and that notice is provided by the filing of the complaint.[7] That willfulness allegation necessarily includes post-filing acts of infringement.

Finally, Garmin argues that its subsequently pleaded counterclaim renders implausible the allegations of Dynamic Hosting's complaint.[8] That fundamentally misunderstands the standards on which a motion to dismiss is decided.[9] Whether Garmin ceased all activity that could be accused of infringement before the filing of this lawsuit is not an issue that should be finally determined without any discovery on a motion to dismiss.

## II. INDIRECT INFRINGEMENT IS WELL-PLEADED

Some defendants argue, for the first time in reply, that Dynamic Hosting's inducement claims fail because Dynamic Hosting has not described ***how*** the direct infringers use the accused products "in an infringing manner."[10] But this Court requires that level of detail only in infringement contentions, not in a complaint.[11]

---

[6]*See* Brother Reply at 3; HP Reply at 3–4; Konica Minolta Reply at 3; Oki Data Reply at 4; Ricoh Reply at 1 (incorporating HP Reply by reference); Xerox Reply at 4; AT&T Reply at 2; Sprint Reply at 4; T-Mobile Reply at 2–4; Amazon Reply at 6–7; ASUS Reply at 6; Kyocera Reply at 3; Microsoft Reply at 2; Motorola Reply at 2; Sharp Reply at 2.

[7]*See, e.g.*, Compl. v. Google at ¶ 8 ("Defendant's infringement is willful at least as of the filing date and/or service date of this complaint.") (attached as Ex. A).

[8] Garmin Reply at 2 ("But Dynamic fails to address the facts actually pleaded by Garmin in its counterclaim . . . .").

[9]On a motion to dismiss, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012).

[10]*See* Samsung Elecs. Reply at 4; T-Mobile Reply at 4–5; Amazon Reply at 9; ASUS Reply at 8–9; Microsoft Reply at 4–5; Motorola Reply at 4–5; Samsung Telecom. Reply at 4. Despite Amazon and Microsoft's insistence, the opposition did not concede that providing general instructions on how to operate a product could not show inducement.

[11]*See Sipco, LLC v. AABB Inc.*, No. 6:11-cv-48, Dkt. 115, at 7 (E.D. Tex. Sept. 12, 2011) (holding "Sipco's failure to specifically plead each individual element of its indirect

For contributory infringement, defendants generally acknowledge the sufficiency of component identification in *Swipe Innovations v. Ingenico Corp.*[12] The components were identified similarly here, as software/hardware modules specially designed (to be used with cloud printing or visual voicemail services) in an infringing way.[13] Yet some defendants demand more.[14] But because these are primarily software/firmware based components, without at least some discovery, it is impractical to identify the components with more specificity. Indeed, for this reason the Court allows for some discovery for software components before infringement contentions are due.[15] To demand more of a complaint makes no sense.

Google raises two arguments unique to it. First, Google argues that its inducement is based on "contractual obligations" with manufacturers that were entered into pre-suit. Google Reply at 4. That should not be accepted as true on a motion to dismiss, before Dynamic Hosting has been provided any discovery about Google's contracts. But even if it were true, that would not mean that Google's ongoing operation of the Google Cloud Print service *for end users* would not be acts of indirect infringement that Google is taking with full knowledge of Dynamic Hosting's patent rights.[16] Second, Google argues that Dynamic Hosting's contributory

---

infringement claim is not fatal" in part because "the Court expects that any ambiguity in the pleadings were resolved when Sipco served its preliminary infringement contentions").

[12] No. 9:12-cv-127, Dkt. 37, at 5 (E.D. Tex. Jan. 3, 2013).

[13] Some defendants say the complaints fail to adequately plead substantial non-infringing use. *See* Samsung Replies at 5; T-Mobile Reply at 4. But they plead the components are "used only to carry out" a functionality "in an infringing way and not any other . . . functionality."

[14] *See* Samsung Elecs. Reply at 5; T-Mobile Reply at 4; Amazon Reply at 8; ASUS Reply at 8; Microsoft Reply at 4; Motorola Reply at 4; Samsung Elecs. Reply at 5.

[15] *See* Sample Discovery Order for Patent Cases Assigned to Judge Roy Payne at ¶ 3(a) (adding P.R. 3-1(g) to allow for source code discovery before requiring infringement contention compliance for software limitations).

[16] *See* Compl. v. Google at ¶ 16, 29 (alleging Google's inducement of "**customers** of [co-]defendants, and **certain users of Google services** [(using Google Cloud Print)]." (emphasis added)); *Hazelquist v. Guchi Moochie Tackle Co., Inc.*, 437 F.3d 1178, 1880 (Fed. Cir. 2006) "[E]ach act of infringement gives rise to a separate cause of action").

3

infringement claim is flawed because Dynamic Hosting has not adequately identified any "specific" Google-supplied components that Google provides to others. But Dynamic Hosting had an adequate basis—based on the Google Cloud Print developer portion of Google's own website—to allege that Google is providing some components that are specific to the Google Cloud Print service. Without discovery, Dynamic Hosting cannot be more specific.

### III. VENUE IS PROPER AS TO AMAZON AND ASUS

Amazon and ASUS do not deny that the purpose of the 2011 Act's amendment to the general venue statute's residency section was to define residency "for all venue purposes," including for venue provisions appearing *anywhere* in the United States Code. Nonetheless, they continue to argue that the "except as otherwise provided by law" clause of amended subsection (a) changed the structure of the general venue statute such that it does not apply *at all* whenever another section of the code *addresses* venue issues.

Imagine that position's far-reaching effects. Not only would section 1391(c)'s definitions of residency no longer apply in patent cases, they would not apply in any other action for which the Code separately addresses venue.[17] And that negation extends *beyond* section 1391(c) to *all other provisions of section 1391*. So, for any case governed by a venue provision in any other part of the United States Code, section 1391 would not prevent a party from arguing the difference between a local or transitory action. 28 U.S.C. § 1391(a)(2). It would not limit venue to districts in which defendants reside, or where a substantial part of the relevant events occurred. 28 U.S.C. § 1391(b). It would no longer solve the problem of a corporation that is subject to personal jurisdiction in a particular state, but not in any of its judicial districts. 28 U.S.C. § 1391(d). It would no longer specially protect defendants who are officers or employees

---

[17]*See, e.g.*, 15 U.S.C. § 15 (antitrust); 18 U.S.C. § 1965 (RICO); 28 U.S.C. § 1398 (Interstate Commerce Act); 29 U.S.C. § 1132(e)(2) (ERISA); 45 U.S.C. § 56 (FELA).

of the United States. 28 U.S.C. § 1391(e). And it would no longer clarify what venues an action could be brought for in cases against foreign states or in multiparty, multiforum litigations. 28 U.S.C. § 1391(f), (g). All of these provisions are limited by the "except as otherwise provided by law" provision of section 1391(a) to the same extent it limits section 1391(c). So, if ASUS and Amazon's argument were accepted, these provisions too would also no longer apply to any actions that are governed by any other venue statute.

Nothing about the 2011 Act's amendments to section 1391 comes close to supporting Amazon and ASUS's position. The amendments are much more reasonably read to apply the clause "except as otherwise provided by law" only if another provision of law says something different than section 1391. Only then would that other law trump the general venue statute. The amendments do not establish a rule pre-empting all aspects of section 1391 for an action solely because another section of the United States Code addresses venue for that action.

Finally, even under Amazon and ASUS's interpretation of the venue rules, venue would still be proper if they have a "regular and established place of business" in the Eastern District and have engaged in one act of infringement here. Their briefing does not deny the existence of such place. So if the Court were to adopt their interpretation of the venue statute, Dynamic Hosting would still be entitled to discovery to determine whether venue was proper as to them.

## IV. DISMISSALS WITH PREJUDICE ARE UNWARRANTED

Not a single defendant addressed Dynamic Hosting's opposition argument that any dismissal should be without prejudice. Yet all have maintained their proposed orders calling for dismissals with prejudice (either explicitly or implicitly). Given their failure to provide any basis for a dismissals with prejudice, to the extent the Court rules in favor of any of their motions to dismiss, the dismissal should be without prejudice.

## V. CONCLUSION

For the foregoing reasons, the Court should deny each of the motions to dismiss filed by defendants.

Dated: March 12, 2015                    Respectfully submitted,

*/s/ Kris Y. Teng*
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Kris Y. Teng
Texas Bar No. 24079443
kris@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

*Attorneys for Dynamic Hosting Company LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 12th day of March 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

             */s/ Kris Y. Teng*
             Kris Y. Teng